# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

In re C. Douglass Thomas )
Serial No. 12/878,199 )     **Appeal No. 2017-1100**
Filed: September 9, 2010 )
For: **METHOD AND SYSTEM FOR FORMATION** )
    **OF ELECTRONIC DOCUMENTS** )

## NOTICE FORWARDING CERTIFIED LIST

A notice of appeal to the United States Court of Appeals for the Federal Circuit was

timely filed on October 24, 2016, in the United States Patent and Trademark Office in

connection with the above-identified patent application. Pursuant to 35 U.S.C. § 143 and Federal

Circuit Rule 17(b)(1), the United States Patent and Trademark Office (USPTO) is today

forwarding a certified list of documents comprising the record in the USPTO.

Mr. Jeremiah S. Helm is representing the Director in this appeal. Appellant must contact

Mr. Helm at (571) 272-9035 to arrange for designating the record.

Deliver all papers served on the Solicitor in connection with this appeal as follows:

By hand to:        Office of the Solicitor
                600 Dulany Street
                Madison West - Room 08C43
                Alexandria, Virginia

By mail to:        U.S. Patent and Trademark Office
                Office of the Solicitor
                Mail Stop 8, P.O. Box 1450
                Alexandria, VA 22313-1450

Respectfully submitted,

Michelle K. Lee
Under Secretary of Commerce for
Intellectual Property and Director of
the United States Patent and Trademark Office

Date: December 1, 2016          By: *Macia L. Fletcher*
                                Macia L. Fletcher
                                Paralegal Specialist
                                Mail Stop 8, P.O. Box 1450
                                Alexandria, Virginia 22313-1450
                                571-272-9035

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

**December 1, 2016**

(Date)

**THIS IS TO CERTIFY** that the annexed is an accurate list of the content entries in the file of the patent application identified below. The list was taken from the IFW electronic database of this Office and comprises the record before the United States Patent and Trademark Office.

    The Patent Application of:

    **Applicant:**    **C. DOUGLASS THOMAS**

    **Serial No. :**  **12/878,199**

    **File Date:**    **September 9, 2010**

    **Invention:**    **METHOD AND SYSTEM FOR FORMATION OF ELECTRONIC DOCUMENTS**



By authority of the
DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE

*Certifying Officer*

**Prosecution History for Patent Application Serial Number 12/878,199**

| Date | Document |
|---|---|
| 09/09/2010 | New Application Transmittal |
| 09/09/2010 | Specification, Claims, Abstract, Drawings, Declaration |
| 09/09/2010 | Information Disclosure Statement |
| 09/09/2010 | Fee Worksheet |
| 09/09/2010 | Fee Worksheet |
| 09/23/2010 | Filing Receipt |
| 11/30/2010 | Information Disclosure Statement |
| 12/30/2010 | Notice of Publication of Application |
| 06/21/2012 | Restriction/Election |
| 07/23/2012 | Response to Restriction Requirement |
| 07/23/2012 | Information Disclosure Statement |
| 08/20/2012 | Search Notes |
| 08/20/2012 | Search Results |
| 08/20/2012 | Non-Final Rejection |
| 11/20/2012 | Response to Non-Final Rejection |
| 11/20/2012 | Fee Worksheet |
| 12/12/2012 | Search Notes |
| 12/12/2012 | Search Results |
| 12/12/2012 | Final Rejection |
| 04/10/2013 | Response to Final Rejection |
| 04/10/2013 | Fee Worksheet |
| 04/10/2013 | Notice of Appeal |
| 04/10/2013 | Pre-Appeal Brief Request for Review |
| 04/19/2013 | Notice of Panel Decision from Pre-Appeal Brief Review |
| 07/10/2013 | Appeal Brief |
| 07/10/2013 | Fee Worksheet |
| 08/02/2013 | Examiner's Answer |
| 09/30/2013 | Reply Brief |
| 10/16/2013 | Fee Worksheet |
| 11/06/2013 | PTAB Docketing Notice |
| 03/29/2016 | PTAB Decision on Appeal |
| 05/17/2016 | Request for Rehearing |
| 08/24/2016 | Decision on Request for Rehearing |
| 10/24/2016 | Appeal to U.S. Court of Appeals for the Federal Circuit |

1  UNITED STATES PATENT AND TRADEMARK OFFICE
2  PATENT TRIAL AND APPEAL BOARD
3  ———————————————
4
5  Appeal No. 2014-000767
6
7  Application No. 12/878,199
8
9  Technology Center 2100
10  ———————————————
11
12  **EX PARTE THOMAS**
13  ———————————————
14
15  **APPEAL TO THE COURT OF APPEAL FOR THE FEDERAL CIRCUIT**

16      In accordance with 35 USC § 141 and 37 CFR § 1.301, Applicants elect to APPEAL to

17  the United State Court of Appeals for the Federal Circuit for the following orders, decisions

18  and/or judgments of the Board Appeal No. 12/878,199, entered March 29, 2016 and August 24,

19  2016. Appellant, C. Douglass Thomas, believe the Board's decision is erroneous and should be

20  reversed.

21      In accordance with 35 USC § 142 and 37 C.F.R. §41.8(b), please find enclosed copies of

22  the Notice of Appeal/Review to the Court of Appeals for the Federal Circuit for the above-noted

23  patent application proceedings, and accompanying papers, as filed by Thomas on October 24,

24  2016. If any fees are required, please charge Deposit Account 50-3874.

25                       Respectfully submitted,
26
27                       /CDouglassThomas/
28                       C. Douglass Thomas
29                       Reg. No. 32,947
30  TI Law Group, PC
31  2155 Junction Ave., Suite 205, San Jose, CA 95131
32  408-955-0535

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| EX PARTE THOMAS<br><br>Appellant, | )<br>)<br>) Appeal Action No.<br>) ------------------------------<br>)<br>)<br>)<br>) **NOTICE OF APPEAL / PETITION**<br>) **FOR REVIEW**<br>)<br>)<br>)<br>)<br>) |

Appellant, C. Douglass Thomas, hereby petition/appeal to the United State Court of Appeals for the Federal Circuit for the following orders, decisions and/or judgments of the Patent Trial and Appeal Board of the United States Patent and Trademark Office in Patent Application No. 12/878,199, including the decision in Appeal No. 2014-000767 entered March 29, 2016 as well as the decision on reconsideration entered August 24, 2016. Copies of such prior decisions are submitted herewith. The filing fee is also submitted herewith.

Dated: October  24, 2016

Respectfully submitted,

/CDouglassThomas/
C. Douglass Thomas
Appellants' Representative
TI Law Group, PC
2155 Junction Ave., Suite 205
San Jose, CA  95131
dthomas@tipatents.com
408-955-0535

## CERTIFICATE OF SERVICE

I certify that, on or about the date and time specified below, a copy of this paper was served on the enty/individuals listed below by U.S. mail at their addresses listed below.

TO:

Attn. Office of Solicitor
Office of the General Counsel
United States Patent and Trademark Office
P.O. Box 1450 Alexandria, VA 22313-1450

DATE OF SERVICE:  October 24, 2016

/CDouglassThomas/
C. Douglass Thomas
Appellants' Representative



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/878,199 | 09/09/2010 | C. Douglass Thomas | CDTP005C2 | 4567 |

68803        7590        08/24/2016
TI Law Group, PC
2055 Junction Avenue, #205
San Jose, CA 95131-2116

| EXAMINER |
|---|
| ZUBERI, MOHAMMED H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2177 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/24/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

aspence@tipatents.com
dthomas@tipatents.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

*Ex parte* C. DOUGLASS THOMAS

———————

Appeal 2014-000767
Application 12/878,199
Technology Center 2100

———————

Before DANIEL J. GALLIGAN, CHRISTA P. ZADO, and
JOSEPH P. LENTIVECH, *Administrative Patent Judges.*

ZADO, *Administrative Patent Judge.*


DECISION ON REQUEST FOR REHEARING

Appeal 2014-000767
Application 12/878,199

## INTRODUCTION

Appellant requests rehearing of the Patent Trial and Appeal Board's ("Board") Decision mailed March 29, 2016 ("Decision"), in which we affirmed the rejection of claims 15–22 under 35 U.S.C. § 102 as being anticipated by Hoyt (U.S. Patent No. 6,067,531).

## DISCUSSION

In the Request for Rehearing ("Request"), Appellant asserts that the Board misunderstood both Appellant's argument and the Hoyt reference. Req. 1. Appellant asserts further that, as a result, the Board "introduced erroneous findings and conclusions to maintain the Examiner's anticipation rejections." *Id.* Appellant contends in particular that "[t]he Board's consideration of claim 15 was limited and merely offered procedural justification for its rationale." Req. 1 (emphasis omitted). Appellant contends further that the Board "unjustifiably dismissed Appellant's arguments by merely stating that Appellant failed 'to present substantive arguments and supporting evidence.'" *Id.* Appellant asserts that it made "numerous substantive arguments" (*id.*) that were "(i) sufficiently documented, (ii) not conclusory, and (iii) clearly sufficient to traverse any rejection premised on Hoyt" (*id.* at 5). We disagree.

Appellant's argument in the Appeal Brief is limited to three subsections, under subheadings 1 to 3. App. Br. 4–6. With respect to the first subheading, Appellant's argument essentially amounts to the assertion, without sufficient further explanation, that Hoyt discloses use of a pop up box, which Appellant asserts does not anticipate all the limitations of claim 15. App. Br. 4. Appellant alleges that the Examiner "primarily references col. 34, lines 1–23 of Hoyt et al. to support the rejection of

2

Appeal 2014-000767
Application 12/878,199

claim 15," and Appellant quotes the cited portions of Hoyt. *Id.* at 3–5.
Appellant's argument follows immediately, and states in its entirety:

> The Examiner attempts, on pages 3–4 of the final Office
> Action, to rationalize that a user 'inputting information in to the
> pop up box' so as to request a new contract as disclosed in Hoyt
> et al. teaches all the limitations of claim 15. Appellants submit
> that the Examiner's attempted rationalization is erroneous and
> not support [sic] by Hoyt et al. because there is no reasonable
> basis to conclude that use of a pop up box would anticipate all
> the claim limitations of claim 15 – which is unrelated to a pop
> up box. Accordingly, as further examined below, Hoyt fails to
> teach or suggest all the claim limitations recited in claim 15.

*Id.* at 4. In the Rehearing Request, Appellant suggests that this assertion
amounts to substantive argument. Req. 2. We disagree. The Examiner's
findings, set forth in the Final Action, refer to Hoyt column 34, lines 1–23
and Figures 2, 3, and 16, and provide explanation with respect to each claim
recitation. Final Act. 3–4. The Examiner explains how pop up box 1600,
and cited disclosure in Hoyt, relates to and anticipates each recitation of
claim 15. *Id.* Appellant's assertion that claim 15 "is unrelated to a pop up
box" fails to address the Examiner's findings. Appellant's assertion fails to
identify specific claim elements that Appellant contends the Examiner has
not shown in Hoyt. Moreover, absent from Appellant's assertion is
sufficient explanation as to which of the Examiner's findings are in error,
and why. Appellant's assertion, therefore, is insufficient to rebut the
Examiner's findings.

With respect to subheadings 2 and 3 of the Appeal Brief, Appellant
identifies specific recitations of claim 15. App. Br. 5–6. With respect to the
second subheading, Appellant asserts that Hoyt does not disclose "enhancing

3

Appeal 2014-000767
Application 12/878,199

functionality of a server computing device." [1] *Id.* at 5. In particular, Appellant asserts that "[i]n order to enhance functionality of a server, claim 15 recites [recitations of claim 15]." *Id.* Appellant asserts that "pop up box 1600 is rendered at a client computer," and that Hoyt therefore "does not teach or suggest that its pop up box could be for a server computing device or, more particularly, for enhancing functionality of a server computing device." *Id.* Appellant does not provide further explanation. *Id.*

Appellant's assertion that Hoyt does not disclose that its pop up box could be used for enhancing functionality of a server computing device because it is rendered at a client computer is not sufficient to rebut the Examiner's findings. As we discussed above, in the Final Action the Examiner provides analysis for each of the recitations of claim 15. Final Act. 3–4. For example, with respect to the recitation "operating the server computing device to receive a request for a file from a requestor," the Examiner finds that "Hoyt discusses a request being made to the *server* to create a new contract." *Id.* at 3 (emphasis added) (citing Hoyt 34:1–23, Figs. 2, 3, 16). With respect to the recitation "linking an application program to the server computing device," the Examiner finds that "Hoyt discusses a pop up box being displayed to the user allowing a user to input [information] . . . [a]s the information is entered in to the pop up box is transmitted to the

---

[1] Appellant's argument relates to the preamble of claim 15. Appellant, however, has not argued as to the weight that should be accorded to the preamble. In addition, Appellant asserts that claim 15's preamble requires only the steps that are enumerated in claim 15 in order to enhance the functionality of the server computing device. App. Br. 5 ("In order to enhance the functionality of the server computing device, claim 15 recites: [claim recitations]."). Accordingly, Appellant has waived any argument that the preamble of claim 15 requires more.

4

Appeal 2014-000767
Application 12/878,199

server so as to initiate the new contract . . . the pop up box is linked to the *server*." *Id.* (emphasis added) (citing Hoyt 34:1–23, Figs. 2, 3, 16). As discussed above, Appellant argues that performing these steps enhances the functionality of the server computing device. App. Br. 5. Moreover, the Examiner's findings expressly mention server functionality. Appellant's assertion that the pop up box is rendered at a client computer does not meaningfully address the Examiner's findings and is insufficient to rebut the Examiner's findings.

With respect to subheading 3 of the Appeal Brief, Appellant asserts that Hoyt does not disclose "producing a processed file by linking to an application program (which is a word processing program) and operating the application program in accordance with a command set (which is a macro or program executable by the word processing program)." *Id.* 5. With respect to these recitations, Appellant provides the following remarks:

> The final Office Action relies again on col. 34, lines 1–23 of Hoyt et al. which (as noted above) describes a pop up box 1600. However, Hoyt et al. fails to teach or suggest operating an application program in accordance with a command set to produce a processed file as recited in claim 15. Hoyt et al. also does not teach or suggest an application program (which is a word processing program) that produces a processed file by using a command set, which is a macro or a program executable by the word processing program.

App. Br. 6. Appellant does not provide further argument. Appellant's assertion that Hoyt describes a pop up box does not amount to meaningful analysis. As discussed above, the Examiner sets forth specific, detailed findings and cites specific portions of Hoyt with respect to each of the disputed claim recitations. Final. Act. 3–4.

5

Appeal 2014-000767
Application 12/878,199

With respect to the recitation "operating an application program in accordance with a command set to produce a processed file," in the Final Action the Examiner finds "Hoyt discusses a user interacting with the pop up box to input [information] . . . [a]s the user is inputting information in to the pop up box according to the input rules of the pop up box so as to initiate a new contract . . . this is equivalent to operating the application program in accordance with a command set to produce a processed file." Final Act. 3 (citing Hoyt 34:1–23, Figs. 2, 3, 16). With respect to the recitation "wherein the application program is a word processing program," in the Final action the Examiner finds that "Hoyt's pop up box . . . is configured to allow words to be entered by the user . . . which is the same as a word processing program." Final Act. 4 (citing Hoyt 34:1–23, Figs. 2, 3, 16). With respect to the recitation "wherein the command set is a macro or a program executable by the word processing program," in the Final Action the Examiner finds that "Hoyt's pop up box contains buttons such as the radio buttons for amending or not amending the contract to an existing contract and the cancel button which are tied to processes that are performed upon the selection of said buttons which is the same thing as being a macro." Final Act. 4 (citing Hoyt 34:1–23, Figs. 2, 3, 16).

The Examiner, therefore, provides an explanation as to how pop up box 1600, as well as cited disclosure in Hoyt, discloses the disputed claim recitations. Accordingly, Appellant's assertion that Hoyt describes a pop up box 1600, absent further explanation, does not amount to meaningful substantive analysis, and does not explain sufficiently why the Examiner has erred. Appellant's assertion is insufficient to rebut the Examiner's findings.

Appeal 2014-000767
Application 12/878,199

Assertions made by Appellant in the Reply Brief similarly fail to rebut sufficiently the findings made by the Examiner in the Final Action from which this Appeal is taken. With respect to arguments related to the first subheading, Appellant's assertion that the Examiner did not offer additional explanation in the Answer is not sufficient to rebut the Examiner's findings in the Final Action. Reply Br. 1. With respect to the second subheading, Appellant asserts that the conventional server operations in Hoyt's client-server system "do not serve to enhance the functionality of a server device as recited in claim 15." *Id.* at 2. Appellant's support for its assertion is limited to re-iteration of language in claim 15, and the statement that "Contrary to Hoyt, the server computing device of claim 15 is functionally enhanced by [paraphrased claim language]." *Id.* at 2–3. Appellant's statement is insufficient to rebut the findings by the Examiner in the Final Action, and amounts to a conclusory assertion. Appellant addresses also what it alleges is an additional, new ground raised by the Examiner in the Answer. *Id.* at 3. This argument relates to an alleged new ground, and it does not rebut sufficiently the Examiner's findings in the Final Action. With respect to the third subheading, Appellant asserts that even if the Examiner's findings in the Answer with respect to Hoyt were true, there is still no teaching or suggestion for the specific limitations of claim 15. In support of its assertion, Appellant's argument is limited to a re-iteration of language in claim 15, and the statement that "Hoyt fails to teach or suggest [paraphrased claim language]." *Id.* at 3–4. Appellant's statement is insufficient to rebut the findings by the Examiner in the Final Action, and amounts to a conclusory assertion.

Appeal 2014-000767
Application 12/878,199

Appellant asserts also that the Board concluded in its Decision that "mere notice is all that is required for a prima facie rejection," (Req. 6), suggesting that the Board's Decision relied on an erroneous legal premise. Req. 6. We disagree. As we discussed in our Decision, our reviewing court has held that the Patent and Trademark Office carries its "burden of establishing a prima facie case when its rejection satisfies 35 U.S.C. § 132, in 'notify[ing] the applicant . . . [by] stating the reasons for [its] rejection . . . together with such information and references as may be useful in judging the propriety of continuing prosecution of [the] application.'" Decision 3 (quoting *In re Jung*, 637 F.3d 1356, 1362 (Fed. Cir. 2011)). Appellant has not persuaded us that *In re Jung* is incorrect[2] or that we misapplied it. Moreover, our Decision does not turn on *In re Jung*. As discussed above, the Examiner found that Hoyt discloses each recitation of claim 15, provided an explanation, and cited specific portions of Hoyt in support of the findings. Final Act. 3–4.   For reasons discussed in our Decision, and above, Appellant's arguments are insufficient to rebut the Examiner's findings.

Appellant further asserts in the Request that "an assertion that a cited reference lacks a claim limitation is a meaningful argument." Req. 6. For

---

[2] In support of its argument that we applied an erroneous legal standard, Appellant asserts that "a *prima facie* rejection is a mandated showing by the Examiner in which '[t]he identical invention must be shown in as complete detail as is contained in the . . . claim.'" Req. 6 (quoting *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236 (Fed. Cir. 1989)).  Contrary to Appellant's assertion, *Richardson* does not relate to a prima facie rejection by an Examiner. *Richardson*, 868 F.2d at 1236. Appellant omits the two preceding sentences of *Richardson*, which describe an instruction provided to a jury in a district court proceeding. *Id.*

8

Appeal 2014-000767
Application 12/878,199

reasons discussed in our Decision, and above, however, Appellant's
arguments are insufficient to rebut the Examiner's findings.

Appellant further asserts that the Board's decision "ignores obvious
defects in the Examiner's rejection." *Id.* For reasons discussed in our
Decision, and above, however, Appellant's arguments neither persuade us of
any "obvious defects" nor sufficiently rebut the Examiner's findings. To the
extent Appellant's assertion relies on new arguments made in the Request
for Rehearing that were not made in the Appeal Brief or Reply Brief (*see id.*
at 7–8), such arguments are not permitted in a request for rehearing. 37
C.F.R. § 41.52.

Accordingly, we did not err in affirming the rejections by the
Examiner in the Final Action from which this Appeal is taken.

DECISION

Accordingly, we have granted Appellant's Request to the extent that
we have reconsidered the original Decision but have DENIED it with respect
to making any changes to the Decision.

No time period for taking any subsequent action in connection with
this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(iv).

REHEARING DENIED



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/878,199 | 09/09/2010 | C. Douglass Thomas | CDTP005C2 | 4567 |

68803        7590        03/29/2016
TI Law Group, PC
2055 Junction Avenue, #205
San Jose, CA 95131-2116

| EXAMINER |
|---|
| ZUBERI, MOHAMMED H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2177 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/29/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

aspence@tipatents.com
dthomas@tipatents.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Ex parte* C. DOUGLASS THOMAS

Appeal 2014-000767
Application 12/878,199
Technology Center 2100

Before DANIEL J. GALLIGAN, CHRISTA P. ZADO, and
JOSEPH P. LENTIVECH, *Administrative Patent Judges.*

ZADO, *Administrative Patent Judge.*

DECISION ON APPEAL

Appellant[1] files this appeal under 35 U.S.C. § 134(a) of the final
rejection of claims 15–22, all pending claims in the application.[2] We have
jurisdiction under 35 U.S.C. § 6(b).

We affirm.

---

[1] Appellant identifies Robolaw Corp. as the real party in interest. App.
Br. 1.
[2] In this Decision, we refer to the Appeal Brief ("App. Br.," filed July 10,
2013), the Reply Brief ("Reply Br.," filed Sept. 30, 2013), the Examiner's
Answer ("Ans.," mailed Aug. 2, 2013), the Final Office Action ("Final
Act.," mailed Dec. 12, 2012), and the original Specification ("Spec.," filed
Sept. 9, 2010).

Appeal 2014-000767
Application 12/878,199

## STATEMENT OF THE CASE

Claim 15 is illustrative:

> 15. A method for enhancing functionality of a server computing device coupled to a network, said method comprising:
>
> operating the server computing device to receive a request for a file from a requestor;
>
> linking an application program to the server computing device;
>
> operating the application program in accordance with a command set to produce a processed file; and
>
> returning the processed file to the requestor,
>
> wherein the application program is a word processing program, and wherein the command set is a macro or a program executable by the word processing program.

## THE REJECTION

Claims 15–22 stand rejected under 35 U.S.C. § 102 as anticipated by Hoyt (US 6,067,531; issued May 23, 2000).

## ANALYSIS

Appellant asserts that the Examiner erred in rejecting independent claim 15 on the grounds that Hoyt fails to disclose "enhancing functionality of a server computing device"[3] and "linking an application program to the server computing device; operating the application program in accordance with a command set to produce a processed file . . . wherein the application program is a word processing program, and wherein the command set is a

---

[3] This is recited in the preamble of claim 15. For reasons discussed in this Decision, we need not decide the patentable weight to be accorded to this language.

2

Appeal 2014-000767
Application 12/878,199

macro or a program executable by the word processing program," as recited
in claim 15. App. Br. 5–6. For reasons that follow, we are not persuaded to
reverse the Examiner's rejection.

The Examiner bears the initial burden of establishing a prima facie
case of anticipation. *In re Oetiker*, 977 F.2d 1443, 1445 (Fed. Cir. 1992).
The burden is carried when the Examiner notifies the applicant by stating the
reasons for the objection and the applicant is able to respond:

> The Patent and Trademark Office ("PTO") satisfies its initial
> burden of production by "adequately explain[ing] the
> shortcomings it perceives so that the applicant is properly
> notified and able to respond." *Hyatt* [*v. Dudas*], 492 F.3d
> [1365,] 1370 [(Fed. Cir. 2007)]. In other words, the PTO
> carries its procedural burden of establishing a prima facie case
> when its rejection satisfies 35 U.S.C. § 132, in "notify[ing] the
> applicant . . . [by] stating the reasons for [its] rejection, or
> objection or requirement, together with such information and
> references as may be useful in judging of the propriety of
> continuing the prosecution of [the] application. 35 U.S.C. §
> 132.

*In re Jung*, 637 F.3d 1356, 1362 (Fed. Cir. 2011). We find that the
Examiner has satisfied this burden with respect to the claim recitations at
issue. First, with respect to "enhancing functionality of a server," the
Examiner specifically put Appellant on notice that the Examiner considers
Hoyt's Abstract and column 2, lines 28–37 to disclose this recitation. Ans.
7–8. The Examiner finds that Hoyt discloses a method that governs
automatic contract negotiation and generation, wherein multiple users
coupled by a computer network access a contract database, and further
discloses connecting a client with a server device, the server storing a
contract negotiator applet, which is loaded on to a client computer. *Id.* The
Examiner finds that this discloses a method for enhancing functionality of a

3

Appeal 2014-000767
Application 12/878,199

server computing device coupled to a network, as recited in claim 15. *Id.* at 7. Because the Examiner identifies specific portions of the Hoyt reference as anticipating the disputed claim recitation, and has placed Appellant on notice pursuant to 35 U.S.C. § 132, we find the Examiner has satisfied the burden of establishing a prima facie case. The burden, therefore, shifts to Appellant to rebut the Examiner. *In re Jung,* 637 F.3d at 1365.

Appellant fails to sufficiently rebut the Examiner because Appellant fails to present substantive arguments and supporting evidence persuasive of Examiner error. App. Br. 5; Reply Br 3. *See In re Lovin,* 652 F.3d 1349, 1357 (Fed. Cir. 2011)("we hold that the Board reasonably interpreted Rule 41.37 to require more substantive arguments in an appeal brief than a mere recitation of the claim elements and a naked assertion that the corresponding elements were not found in the prior art."). Appellant recites what is disclosed in Hoyt and asserts that Hoyt's disclosure is not the same as what is recited in claim 15. App. Br. 5; Reply Br 3. We decline to examine claim 15 *sua sponte,* looking for distinctions over Hoyt. *Cf. See Baxter,* 952 F.2d at 391 ("It is not the function of this court to examine the claims in greater detail than argued by an appellant, looking for [patentable] distinctions over the prior art."). *See also Ex parte Belinne,* No. 2009-004693, 2009 WL 2477843 at *3–4 (BPAI Aug. 10, 2009) (informative).

Similarly, we find the Examiner has established a prima facie case of anticipation with respect to the limitations "linking an application program to the server computing device; operating the application program in accordance with a command set to produce a processed file . . . wherein the application program is a word processing program, and wherein the command set is a macro or a program executable by the word processing

4

Appeal 2014-000767
Application 12/878,199

program," as recited in claim 15, because the Examiner has put Appellant on
notice by stating the reasons for the rejection and Appellant is able to
respond. Final Act. 3–4; Ans. 7–9. Appellant fails to sufficiently rebut the
Examiner because Appellant fails to present substantive arguments and
supporting evidence persuasive of Examiner error. App. Br. 5–6; Reply Br
3–4. Specifically, Appellant asserts claim 15 performs server-side
operations to produce a processed file, and that the Examiner relies on
portions of Hoyt that describe pop-up box 1600. App. Br. 5–6. Appellant
further provides the following conclusory assertion without presenting any
meaningful analysis:

> Hoyt et al. fails to teach or suggest operating an application
> program in accordance with a command set to produce a
> processed file as recited in claim 15. Hoyt et al. also does not
> teach or suggest an application program (which is a word
> processing program) that produces a processed file by using a
> command set, which is a macro or a program executable by the
> word processing program.

*Id.* at 6. Accordingly, Appellant's arguments amount to a naked assertion
that the claim limitations at issue are not found in Hoyt, and therefore, are
not persuasive.

We, therefore, sustain the Examiner's rejection of independent
claim 15, and claims 16–18 and 20–22 depending therefrom for which
Appellant does not raise additional arguments.

As to claim 19, which depends indirectly from claim 15, Appellant
argues that the Examiner has not shown Hoyt discloses "wherein the request
includes the command set or information used to produce the command set,"
as recited in the claim. App. Br. 7. We find that the Examiner has placed
Appellant on notice, and therefore, has established a prima facie case that

5

Appeal 2014-000767
Application 12/878,199

Hoyt discloses the limitation at issue. Final Act. 5; Ans. 9–10. Appellant
has failed to present substantive argument and supporting evidence to rebut
the Examiner. Specifically, Appellant provides the conclusory assertion that
"a pop up box or user input therein for contract information would not
correspond to a request provided by a requestor to a server computing device
over a network, nor would it correspond to a command set or information
used to produce the command set as provided even if it were to be provided
with the request." App. Br. 7; *see also* Reply Br. 5 (in which Appellant
similarly fails to present substantive argument and supporting evidence).

We, therefore, sustain the Examiner's rejection of claim 19.


DECISION

For the above reasons, the Examiner's rejection of claims 15–22 is
affirmed.

No time period for taking any subsequent action in connection with
this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(iv).


AFFIRMED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the NOTICE

FORWARDING CERTIFIED LIST has been served, via electronic mail, on appellant this 1st

day of December, 2016 as follows:

C. Douglass Thomas
doug@ipventure.com


By: *Macia L. Fletcher*
**Macia L. Fletcher**
Paralegal Specialist